Michael D. CLAUSEN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 76A03–9211–CR–376.

Court of Appeals of Indiana,
Third District.

April 12, 1993.

Rehearing Denied June 4, 1993.

Latriealle Wheat, Wheat and Stout, Angola, for appellant-defendant.

Pamela Carter, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Michael D. Clausen appeals his convictions for two counts of child molesting, Class B felonies.

The facts relevant to the appeal disclose that on April 19, 1987, S.E., the then 11–year–old victim, was living with her mother, siblings, and appellant, her step-father, at her grandmother's house in Steuben County, Indiana. When S.E. was getting ready for bed on the night of April 19, appellant came into her room, removed his clothing, and began kissing her. Appellant then removed S.E.'s clothing and forced her to perform and submit to oral sex. At trial, S.E. testified that appellant also forced her to engage in sexual intercourse on the night of April 19; however, the jury returned a verdict of not guilty on the child molesting count involving sexual intercourse with a child under the age of 12.

R.R., appellant's 36–year–old adopted daughter, also testified at the trial. According to R.R.'s testimony, appellant fondled her in bed on numerous occasions from the age of 5 or 6 to the age of 10 or 12. Appellant admitted at trial to placing his penis between R.R.'s legs on one occasion, but he denied ever touching S.E. in a sexual way. Along with her testimony regarding the charged offenses (the acts which took place on April 19), S.E. testified as to acts of sexual misconduct involving appellant which occurred from the age of 8 to the age of 12. The jury found appellant guilty of two counts of child molesting, one involving submission to deviate sexual conduct with a child under the age of 12, and

the other involving performance of deviate sexual conduct on a child under the age of 12.

Appellant raises two issues for review on appeal:

(1) whether the trial court erred in admitting evidence of appellant's prior acts of sexual misconduct with R.R.; and

(2) whether the trial court erred in ordering appellant to pay the cost of S.E.'s counseling sessions.

■■■ First, appellant claims the trial court erred in admitting evidence of his prior acts of sexual misconduct with R.R. Although appellant did not object to R.R.'s testimony at trial, the page of the record immediately preceding her testimony states as follows:

"Upon motion of Defendant *made and filed at sentencing hearing* and granted by the Court, the following objection is inserted in the record in order to preserve appeal on an issue raised by Defendant by Motion in Limine.

'OBJECTION'

THE DEFENDANT: The defense objects to the testimony of this witness for all of the reasons specified in the Motion in Limine previously filed.

THE COURT: Objection overruled. The witness may testify."

Record at 224. (Emphasis supplied.). Failure to present a timely objection *at trial* to allegedly improper testimony constitutes waiver of any error. *Ried v. State* (1993), Ind.App. 610 N.E.2d 275, 281. Moreover, the requirement for timely objection at trial applies notwithstanding a trial court's denial of a pre-trial motion in limine. *Id.* Because appellant failed to present a timely

objection *at trial,* he has waived any error for appellate review.[1]

■■■ Furthermore, even if appellant had not waived the alleged error by failing to make a timely objection, his claim lacks merit. Appellant made no objection whatsoever to S.E.'s testimony regarding his prior acts of sexual misconduct with her. R.R.'s testimony, therefore, was simply cumulative of S.E.'s testimony. Considering that appellant also admitted to a prior act of sexual misconduct with R.R., his claim has even less merit. There is no reversible error here.

■■■ Next, appellant contends the trial court erred in ordering him to pay the cost of S.E.'s counseling sessions. As both parties note, a trial court has the authority to order a defendant to make restitution to the victim of the crime as a part of his sentence, IND.CODE § 35-50-5-3(a) (1992 Supp.), or as a condition of probation, IND. CODE § 35-38-2-2.3(a)(5) (1992 Supp.). Here, the trial court's sentencing order incorporates the court's written statement of probation conditions which sets out the restitution condition, in pertinent part, as follows:

"8. The defendant shall [make] ... [r]estitution of [t]he cost of counseling beginning the date the victim returned from Interventions through the next five years."

Record at 132-133.[2] According to IND. CODE § 35-38-2-2.3(a)(5), "[w]hen restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance." Specifically, appellant contends the court failed to fix the amount, determine his ability to pay, and fix the manner of performance.

---

1. This Court would note that defense counsel was not ineffective for failing to object to R.R.'s testimony under *Lannan v. State* (1992), Ind., 600 N.E.2d 1334. Although the *Lannan* court abolished the depraved sexual instinct exception to the general rule against admission of prior bad acts, *Lannan* was not the law at the time of appellant's trial. An attorney is not required to anticipate changes in the law and object accordingly; therefore, defense counsel was not inef-

fective. *See Fulmer v. State* (1988), Ind., 523 N.E.2d 754, 757-758 (counsel not ineffective for failing to object to instructions which were proper at time of trial).

2. S.E. testified that she had returned home from Interventions, a drug and alcohol treatment center, in April of 1992.

The transcript of the sentencing hearing shows that the court reviewed appellant's pre-sentence report which listed his employment history, latest salary, assets, and liabilities. *See Mitchell v. State* (1990), Ind.App., 559 N.E.2d 313, 315 (statute not specific as to form court must follow in determining defendant's financial status, but court's review of pre-sentence report was adequate). The court also questioned appellant at the sentencing hearing as to his financial situation; however, the court did not inquire into or hear any evidence on the cost of S.E.'s counseling or the length of time it would take. Without such evidence, the court could not fix the amount of restitution or determine appellant's ability to pay. The court also failed to fix the manner of performance or determine how appellant would make payments while in jail. Clearly, the court did not comply with IND.CODE § 35–38–2–2.3(a)(5).

Remanded to the trial court with instructions to hold a hearing to determine the amount of restitution, appellant's ability to pay, and the manner of performance; affirmed in all other respects.

CHEZEM, J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

I concur with the majority except for its dictum concerning the testimony of R.R. had a proper objection been made. I find her testimony not merely cumulative because it greatly enhanced the credibility of S.E.'s testimony.