Michael McGUIRE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9306–CR–271.

Court of Appeals of Indiana,
Third District.

Dec. 20, 1993.

William F. Thoms, Jr., Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Michael McGuire appeals his conviction for criminal mischief.

The evidence relevant to the appeal discloses that on October 15, 1992, Kimberly Bowles, Melissa Lambert and Michael Hockett were at a bar on the westside of Indianapolis. Bowles met and talked with McGuire for a portion of the evening. When the trio left the bar at approximately 3:00 A.M., McGuire approached Lambert who was driving and asked her if she could drive him and a friend home. Initially, Lambert refused McGuire's request; however, she relented when McGuire agreed to give her money for gasoline.

Lambert drove McGuire and his friend to 4137 Patricia Street. The friend exited the vehicle and walked into the house. As McGuire walked toward the house, Lambert asked him whether he intended to give her the gasoline money. Bowles approached McGuire and requested the money.

McGuire began shouting at Lambert and called her names. Lambert asked Bowles to get in the car so that they could leave. McGuire then threw a beer bottle at Lambert's car. The bottle struck the passenger side of the car causing two dents. After a physical altercation, Bowles, Lambert and Hockett left. The trio called the police from a nearby laundromat.

When police arrived, they were told of the incident. A police officer went to the home on Patricia Street and apprehended McGuire. The officer took McGuire to the laundromat where he was identified by Lambert, Bowles and Hockett.

McGuire was charged with battery, a Class A misdemeanor, and criminal mischief, a Class A misdemeanor. After trial, McGuire was found not guilty of battery and guilty of criminal mischief as a Class B

misdemeanor, a lesser included offense of the criminal mischief charge.

McGuire raises two issues for review:

(1) whether the evidence is sufficient to sustain his conviction; and

(2) whether the trial court erred in ordering restitution.

■ First, McGuire contends that the State failed to prove that he threw the beer bottle with intent to damage Lambert's car. According to McGuire, the State failed to prove that he recklessly or knowingly caused the damage. Courts reviewing the sufficiency of the evidence will neither weigh evidence nor judge the credibility of witnesses and will consider only the probative evidence and any reasonable inferences supporting the verdict. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280, 1284.

The statute on criminal mischief provides, in relevant part:

"(a) A person who:

(1) recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent; ...

commits criminal mischief, a Class B misdemeanor. However, the offense is:

(A) a Class A misdemeanor if:

(i) the pecuniary loss is at least two hundred fifty dollars ($250) but less than two thousand five hundred dollars ($2,500)[.] ... "

IND.CODE § 35–43–1–2 (1991 Supp.).

■ In the context of the events, it is reasonable to infer reckless, knowing or intentional conduct. The beer bottle was thrown during an argument. The evidence is clearly sufficient to support a conviction for criminal mischief, a Class B misdemeanor.

■ Next, McGuire contends that the trial court erred in ordering restitution in an amount to be determined by the probation department, not to exceed $250.00. Also, the court ordered the method of payment to be fixed by the probation department.

A trial court has the authority to order a defendant to make restitution to the victim of a crime as a part of his sentence, IND. CODE § 35–50–5–3(a) (1992 Supp.), or as a condition of probation, IND.CODE § 35–38–2–2.3(a)(5) (1992 Supp.). *Clausen v. State* (1993), Ind.App., 612 N.E.2d 147, 148, *trans. granted* adopting issue as to restitution (filed October 26, 1993; Ind. No. 76S03–9310–CR–1172). According to IND. CODE § 35–38–2–2.3(a)(5), "[w]hen restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance." Contrary to the State's contention, ordering the probation department to fix the amount and manner of payment does not comply with the statute.

The court adequately questioned McGuire regarding his ability to pay restitution; however, the cause must be remanded for a hearing to determine the amount and the manner of performance. *See Clausen*, 612 N.E.2d at 149.

The judgment of conviction is affirmed, and the cause is remanded with instructions regarding the order of restitution.

Affirmed in part and remanded in part.

STATON and GARRARD, JJ., concur.