David V. ROSOWSKY, Appellant–Plaintiff,

v.

UNIVERSITY OF COLORADO, Appellee–Defendant.

No. 79A02–9502–CV–94.

Court of Appeals of Indiana.

July 26, 1995.

Transfer Denied Nov. 22, 1995.

---

**OPINION**

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant David V. Rosowsky appeals the dismissal of his complaint against Defendant–Appellee University of Colorado.

Affirmed.

### ISSUE

Rosowsky raises three issues for our review. However, the following issue is dispositive: whether the trial court erred in dismissing Rosowsky's case because of lack of personal jurisdiction over the University of Colorado.

### FACTS

In the fall of 1992, Rosowsky was in the third year of a three-year contract of employment with Purdue. During the week of December 2, 1992, Rosowsky went to Denver, Colorado, for a committee meeting of certain members of the American Society of Civil Engineering. While at the meeting, Rosowsky was informed by a University of Colorado professor of an opening in the University's Engineering Department. The opening had been publicized nationally by the University.

Shortly after returning to Indiana, Rosowsky received a "more specialized" version of the national advertisement in the mail. (R. 76). The mailing was sent by Dan Frangopol, a University of Colorado Engineering Professor, and contained a note encouraging Rosowsky to apply for the open position.

On December 9, 1992, Rosowsky wrote to the members of the University of Colorado's staff informing them of his intention to formally apply for the position. Letters were sent by various University Professors recommending or requesting references and evaluations. The items requested were submitted by Rosowsky.

Lester H. Cohen, Haskin Lauter & Cohen, Indianapolis, for appellant.

Michael J. Stapleton, Norman G. Printer, Ball, Eggleston, Bumbleburg & McBride, Lafayette, for appellee.

In a letter dated March 22, 1993, Rosowsky's invitation to interview on the campus at Boulder was confirmed. Rosowsky spent

three days in April interviewing on the campus.

In May of 1993, James P. Heaney, Chair of the University of Colorado's Department of Civil, Environmental and Architectural Engineering, was vacationing in Michigan. He called Rosowsky and set up a dinner meeting at a Michigan City, Indiana, yacht club. During this two hour meeting, Heaney told Rosowsky that the University of Colorado had made an offer to its first choice, but that person had turned the offer down. Heaney and Rosowsky then spoke about the living conditions in Boulder and the terms of the University of Colorado's anticipated offer of employment.

On June 11, 1993, the University of Colorado mailed an offer of employment to Rosowsky. The offer contained a clause explaining that the offer was made "with the understanding that this offer is conditional upon approval of [Rosowsky's] appointment by the Board of Regents of the University of Colorado." (R. 95). Rosowsky signed the offer and mailed it to the University. The Board of Regents did not approve his employment and the offer was withdrawn.

Rosowsky, who now is a professor at Clemson University, South Carolina, filed a complaint for breach of contract in Tippecanoe County, Indiana. The University of Colorado responded by filing two motions to dismiss. The first motion alleged that the trial court did not have personal jurisdiction. The second motion alleged that even if the trial court did have personal jurisdiction, the case should be dismissed on the ground of forum non conveniens. The trial court dismissed the action for want of personal jurisdiction on the basis that the University did not have "minimum contacts" with Indiana to warrant a finding of jurisdiction.

### DISCUSSION AND DECISION

Rosowsky contends that the trial court erred in dismissing his case for lack of jurisdiction. He argues that the letters, phone calls, and the visit from Heaney are sufficient to establish jurisdiction.

A trial court's jurisdiction over a nonresident is governed by Ind.Trial Rule 4.4(A)(1) which grants the court jurisdiction over a party doing any business in Indiana. The purpose of the trial rule is to extend jurisdiction to the boundaries permitted by the due process clause of the fourteenth amendment to the federal constitution. *Fetner v. Maury Boyd & Associates, Inc.* (1990), Ind.App., 563 N.E.2d 1334, 1336, *reh'g denied, trans. denied; Dura–Line Corporation v. Sloan* (1986), Ind.App., 487 N.E.2d 469, 470. Due process requires certain "minimum contacts" between the defendant and the forum state before jurisdiction may be exercised. *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 315–17, 66 S.Ct. 154, 158, 90 L.Ed. 95. The contacts must be of such quality that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* At a minimum, the court must find "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283.

When a cause of action arises from the defendant's contacts with the forum state, less is required to support jurisdiction than when the cause is unrelated to those contacts. *Mullen v. Cogdell* (1994), Ind.App., 643 N.E.2d 390, 398, *reh'g denied, trans. denied; Brokemond v. Marshall Field & Co.* (1993), Ind.App., 612 N.E.2d 143, 145. However, the defendant will not be hauled into a jurisdiction solely on the basis of "random, fortuitous or attenuated contacts or the unilateral activity of another party or a third person who claims some relationship with him." *Burger King v. Rudzewicz* (1985), 471 U.S. 462, 474–75, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (citations omitted); *Freemond v. Somma* (1993), Ind.App., 611 N.E.2d 684, 688, *reh'g denied, trans. denied.*

The factors to be considered in making a determination as to the existence of jurisdiction are: 1) the nature and quality of the contacts with the forum state; 2) the quantity of contacts with the state; 3) the relationship between those contacts and the cause of action; 4) the interest of the forum state in providing a forum for its residents;

and 5) the convenience of the parties. *Tietloff v. Lift–A–Loft Corp.* (1982), Ind.App., 441 N.E.2d 986, 989. The first three factors are the primary factors in determining whether *International Shoe* standards are met. *Id.*

█ In the present case, the University of Colorado is not generally engaged in business in Indiana. It does not maintain offices in Indiana; has no registered agent in Indiana; has no employees regularly engaged in business in Indiana; and has no telephone facilities, bank accounts, or property in Indiana.

█ The majority of the contact between the University of Colorado and Rosowsky consisted of letters and phone calls. Interstate letters and phone calls do not subject a nonresident to jurisdiction in the state of the person receiving the letters and calls. *See Dura–Line*, 487 N.E.2d at 471.[1]

The only other contact was the two hour dinner meeting which took place in Indiana. The meeting was occasioned by the fact that Heaney was on vacation in Michigan and was able to meet with Rosowsky at a mutually convenient location, which could just as easily have occurred in a restaurant in Michigan instead of in an Indiana border city. In sum, the dinner meeting fortuitously occurred in Indiana because of Heaney's vacation and the convenience to Heaney and Rosowsky. A single visit by an agent to the forum state for social and business discussions does not subject the nonresident to jurisdiction in that state when the visit is incidental to an agent's trip to another state. *Id.*[2]

## CONCLUSION

Due process considerations preclude the assertion of jurisdiction under the facts of this case. Accordingly, the trial court was correct in granting the University of Colorado's motion to dismiss.

Affirmed.

DARDEN and STATON, JJ., concur.

1. We are aware that in *Cogdell* a panel of this court held that correspondence and telephone calls from a nonresident to Indiana were sufficient to give Indiana courts jurisdiction in a case filed against the nonresident. The facts of *Cogdell* can be distinguished from the facts of the instant case. In *Cogdell,* the correspondence and telephone calls were made in the furtherance of an alleged fraud in a real estate transaction involving Indiana residents. A defendant should expect to answer in the state of residence of those he defrauded when correspondence and telephone calls were purposefully made to that state in furtherance of the fraud.

2. Rosowsky places great emphasis on the fact that he felt that an offer was made at the dinner meeting. We note that no offer was accepted until a contract was sent a few weeks later. It was this contract which constitutes the basis for the suit filed by Rosowsky.