**Stewart J. MART and Tammy Mart, Appellants–Plaintiffs,**

v.

**Patricia HESS, Appellee–Defendant.**

No. 49A05–9804–CV–186.

Court of Appeals of Indiana.

Dec. 28, 1998.

John G. Deckard, Indianapolis, for Appellants–Plaintiffs.

Robert A. Garelick, Bryan S. Redding, Mantel, Cohen, Garelick & Reiswerg, Indianapolis, for Appellee–Defendant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants Stewart J. Mart and Tammy Mart ("Marts") appeal the dismissal of their claim of defamation on the grounds of lack of personal jurisdiction, Ind.Trial Rule 12(B)(2), and failure to state a claim upon which relief can be granted, T.R. 12(B)(6).

We reverse.

## ISSUES

The Marts present two issues for our review:

1. Whether the trial court erred in dismissing the Marts' complaint for lack of personal jurisdiction over Defendant–Appellee Patricia Hess ("Hess").

2. Whether the trial court erred in finding that the Marts' complaint failed to state a claim for relief because there was no publication of alleged defamatory remarks made by Hess.

## FACTS AND PROCEDURAL HISTORY

Mr. and Mrs. Mart are husband and wife. Mr. Mart was formerly married to Patricia Hess. After their divorce, Hess moved to Hawaii, where she currently resides. On May 6, 1996, the Marts filed a defamation action against Hess in the Marion Superior Court in Indiana. In their complaint, the Marts claimed that Hess had published to third parties defamatory statements about Mr. Mart, and that she repeatedly sent "disparaging, libelous, annoying and harassing facsimiles and letters" to Mrs. Mart's place of employment. They further alleged that Hess' actions were done with malice and with knowledge of and disregard for the falsity of the defamatory statements, and that the Marts were damaged as a result of Hess' actions.

In response, Hess filed a motion to dismiss for lack of jurisdiction, failure to state a claim, judgment on the pleadings, and incorrect venue. The trial court granted Hess' motion to dismiss on the grounds of lack of personal jurisdiction and failure to state a claim due to lack of publication of the allegedly defamatory remarks. The Marts now appeal that dismissal.

## DISCUSSION AND DECISION

### I. Lack of Personal Jurisdiction

■ A party challenging jurisdiction must establish by a preponderance of the evidence that no jurisdiction exists unless lack of jurisdiction is apparent on the face of the complaint. *Brokemond v. Marshall Field & Co.*, 612 N.E.2d 143, 145 (Ind.Ct. App.1993). Because jurisdiction is presumed in Indiana and need not be alleged in the complaint, the plaintiff's burden to come forward with evidence which would establish jurisdiction does not arise until jurisdiction is challenged by the defendant. *Id.*

■ To determine if a nonresident defendant's contacts with the forum state are sufficient to confer personal jurisdiction, a two-part analysis is required. First, the court must determine if the state's long arm statute authorizes the exercise of jurisdiction over the defendant; and second, it must determine whether asserting jurisdiction over the defendant would offend the due process clause of the Fourteenth Amendment. *Id.*

■ Indiana's long arm statute, which Indiana courts have held is intended to extend personal jurisdiction to the limits permitted under the due process clause of the Fourteenth Amendment, provides that a nonresident may be subject to the jurisdiction of the Indiana courts if certain conditions are met. T.R. 4.4(A); *Brokemond,* 612 N.E.2d at 145. Our first inquiry, then, is whether any of the conditions outlined in T.R. 4.4(A) apply to Hess in this case. T.R. 4.4(A)(2) provides:

> Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or her agent: (2) causing personal injury or property damage by an act or omission done within this state . . . .

■ The present action arose from Hess' alleged acts of defaming Mr. Mart. In a defamation action, the place of the tort is generally considered the place of publication, i.e., where the defamatory material is communicated to a third party. *Hoffman v. Roberto,* 578 N.E.2d 701, 705 (Ind.Ct.App. 1991). The Marts' complaint alleges that Hess sent defamatory letters and facsimiles to Mrs. Mart's place of employment. Mrs. Mart is described in the complaint as an Indiana resident. It appears, therefore, that the alleged defamatory remarks were published in Indiana. Keeping in mind the pre-

sumption of jurisdiction discussed above, we find that the complaint does not indicate a lack of jurisdiction over Hess. Furthermore, when challenged by Hess' motion to dismiss for lack of jurisdiction, the Marts clarified that their claim referred to publication in Indiana. We conclude that Hess' transmissions of defamatory communications to Indiana constitute acts done in our state and therefore subject her to the jurisdiction of our courts.

■ Even if it were found that the acts giving rise to this action were not done in Indiana, Hess is still subject to our jurisdiction under T.R. 4.4(A)(8). This subsection provides that a nonresident submits to the jurisdiction of Indiana courts for "abusing, harassing, or disturbing the peace of ... any person within the state by an act or omission done in this state, or outside this state if the act or omission is part of a continuing course of conduct having an effect in this state." The complaint indicates, and Hess has not challenged, that Hess engaged in an injurious course of conduct of harassing the Marts, Indiana residents, by repeatedly sending defamatory facsimiles and letters to Mrs. Mart's place of employment. By doing so, Hess has submitted to the jurisdiction of our courts under T.R. 4.4(A)(8).

■ The second part of our inquiry is whether the assertion of jurisdiction would offend the due process clause of the Fourteenth Amendment. Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Whether minimum contacts exist in a particular factual setting must be determined on a case-by-case basis; there are no hard and fast rules regarding the existence of a minimum contact. *Mullen v. Cogdell*, 643 N.E.2d 390, 397 (Ind.Ct.App.1994). When a cause of action arises from the defendant's contacts with the forum, less is required to support jurisdiction than when the cause of action is unrelated to those contacts. *Id.*

■ Hess' contacts relevant to jurisdiction in the present case include her alleged sending of defamatory letters and facsimiles to Indiana. While it is true that such contacts would not ordinarily subject a nonresident to jurisdiction in our state, the law is clear that an ordinarily insignificant contact with a state becomes constitutionally significant when it gives rise to the claim involved in the lawsuit. *Mullen*, 643 N.E.2d at 398. *See also Rosowsky v. University of Colorado*, 653 N.E.2d 146, 149 n. 1 (Ind.Ct.App.1995). Here, Hess' contacts did give rise to the claim involved. Her actions in sending defamatory materials concerning Mr. Mart to third parties in the state of Indiana form the basis for the Marts' defamation action, and it was as a result of those acts that the Marts claim they suffered injury. Hess' contacts with Indiana are therefore sufficient to confer jurisdiction on the courts of this state.

Failure to State a Claim

■ Our standard of review of a dismissal granted pursuant to T.R. 12(B)(6) is well settled.

Motions to dismiss are not favored by the law. Thus, we seek to determine whether the complaint ... stated any allegations whatsoever upon which relief could have been granted. Only when the allegations present no possible set of facts upon which the complainant can recover is a motion to dismiss properly granted. Finally, in making its determination a trial court must accept as true all allegations made by the complainant, and view the motion in a light most favorable to the non-moving party.

*Barth Electric Co. v. Traylor Bros., Inc.*, 553 N.E.2d 504, 505–06 (Ind.Ct.App.1990) (citations omitted). In addition, in determining whether any facts will support the claim, we may look only to the complaint and may not resort to any other evidence in the record. *Wilhoite v. Melvin Simon and Associates*, 640 N.E.2d 382, 384 (Ind.Ct.App.1994).

In the present case, the trial court found that the Marts' complaint alleging defamation failed to state a claim due to a lack of publication. Hess argues that the trial court's finding is correct because the Marts do not specify in their complaint the third

party to whom the defamatory remarks were published. The Marts counter that not only does their complaint assert publication in various paragraphs, it also specifically names Mrs. Mart's place of employment as a recipient of the remarks.

■ Viewing the Marts' complaint in the light most favorable to them, we cannot say that the allegations contained therein present no possible set of facts upon which the Marts can recover. In a defamation action, the elements to be shown by the plaintiff are 1) a communication with defamatory imputation, 2) malice, 3) publication, and 4) damages. *Owens v. Schoenberger,* 681 N.E.2d 760, 763 (Ind.Ct.App.1997), *reh'g den'd.* The publication element requires the plaintiff to show that the defamatory matter was "published," that is, communicated to a third person or persons. *Bals v. Verduzco,* 600 N.E.2d 1353, 1354 (Ind.1992). The Marts' complaint alleges that Hess maliciously made certain defamatory remarks regarding Mr. Mart, knowing them to be false, that she published these remarks to third parties, and that the Marts were injured by Hess' conduct. These allegations are certainly sufficient to present at least the possibility that the Marts present a valid claim of defamation. Since the abolition of fact pleading, our trial rules merely require a "short and plain statement of the claim showing that the pleader is entitled to relief." T.R. 8(A)(1). The elements of the cause of action are not required to be pled, and the plaintiff is to be "heavily favored so far as getting into court." *Houin v. Bremen State Bank,* 495 N.E.2d 753, 757 (Ind.Ct.App.1986). We find that the Marts' complaint is sufficient to withstand Hess' motion to dismiss for failure to state a claim.

## CONCLUSION

The trial court erred in dismissing the Marts' complaint for lack of jurisdiction and failure to state a claim.

Reversed.

STATON and BROOK, JJ., concur.