**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 03 2013, 5:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DWIGHT MCPHERSON,         )
           )
    Appellant-Defendant,     )
           )
      vs.          )    No. 48A05-1302-CR-64
           )
STATE OF INDIANA,       )
           )
    Appellee-Plaintiff.      )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-1204-FD-634
48C01-1206-FD-1045
48C01-1206-FD-1220

**September 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issues

Dwight McPherson appeals his sentence. He presents two issues on appeal: 1) whether the trial court properly imposed a public defender fee; and 2) whether the trial court correctly ordered the restitution amount to be determined by the probation department. Concluding that the trial court abused its discretion on both issues, we remand.

Facts and Procedural History

In December of 2012, McPherson entered into a plea with the State, agreeing to plead guilty to several charges involving theft and attempted theft as Class D felonies, and criminal mischief as a Class A misdemeanor, following an incident in which McPherson stole packages of meat from a grocery store. The plea agreement provided that McPherson would be sentenced to a total of thirty-six months, with the executed portion to be determined by the court. The court gave McPherson 426 days for time served, and sentenced him to 654 days suspended and 654 days on probation, for a total of thirty-six months as provided by the plea agreement. The court also ordered McPherson to pay a $200 public defender fee, and left a restitution amount to be determined by the probation department. This appeal followed. Additional facts will be supplied as necessary.

Discussion and Decision

I. Assessment of Fees

The trial court has discretion in sentencing a defendant and its decision will be reversed only upon showing a manifest abuse of discretion. Banks v. State, 847 N.E.2d

1050, 1051 (Ind. Ct. App. 2006), <u>trans. denied</u>.  If the trial court imposes fees within the statutory limits, there is no abuse of discretion.  <u>Id.</u>

McPherson argues that there are three governing statutes here, one of which sets a cap of $100, and two of which require a finding by the court that the defendant is able to pay.  Namely, Indiana Code section 35-33-7-6(c) states that "If the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay . . . [f]or a felony action, a fee of one hundred dollars." Indiana Code section 33-40-3-6 provides that the court shall require payment of costs incurred by the county as a result of court appointed counsel, <u>if</u> the court makes a finding of an ability to pay those costs.  Finally, Indiana Code section 33-37-2-3(a) requires the court to conduct a hearing to determine whether a convicted person is indigent, where the court is imposing costs.  Subsection (e) of that statute requires the court to determine whether a convicted person is able to pay part of the costs of representation before ordering the person to pay for defense services rendered.  In <u>Jackson v. State</u>, we noted that fees may be ordered under any combination of these statutes.  968 N.E.2d 328, 333 (Ind. Ct. App. 2012).  McPherson argues that because the trial court here never made a finding as to his ability to pay a fee, and moreover that the fee imposed exceeded the cap set by Indiana Code section 35-33-7-6, we should remand for reconsideration of this fee. We agree.

The State also agrees with McPherson, although it cites to a fourth statutory basis under which McPherson could have been assessed fees.  Nonetheless, the State concedes that the record is opaque as to whether the requirements of that statute have been met. The State notes that Indiana Code section 35-33-8-3.2(a) allows the court, in admitting a

defendant to bail, to require that the defendant execute an agreement that allows the court to retain all or part of the cash securities to pay costs of representation, among other things. However, the record here is silent as to whether such an agreement was executed.

## II. Restitution

McPherson also argues that the trial court erred in leaving to the probation department a determination of the amount of restitution. Both we and the State agree with McPherson. We have previously held that the statute allowing the court to order restitution requires the court to set that amount itself, and that leaving a determination to the probation department does not comply with the statute. McGuire v. State, 625 N.E.2d 1281, 1282 (Ind. Ct. App. 1993). We remand to the trial court for a determination of McPherson's ability to pay restitution, the amount of any restitution, and the manner of performance.

## Conclusion

Concluding that the trial court erred in its imposition of a public defender fee and in leaving a determination of restitution to the probation department, we remand for proceedings consistent with this opinion.

Remanded.

RILEY, J., and KIRSCH, J., concur.

4