## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 12 2019, 10:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Thomas Smith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 12, 2019<br><br>Court of Appeals Case No.<br>19A-CR-698<br><br>Appeal from the Elkhart Superior<br>Court<br><br>The Honorable Kristine A.<br>Osterday, Judge<br><br>Trial Court Cause No.<br>20D01-1712-F1-10 |

**Crone, Judge.**

[1] A jury convicted Joseph Thomas Smith of level 1 felony rape, level 5 felony domestic battery, and level 6 felony strangulation. The trial court sentenced

him to an aggregate forty-one-year term, with thirty-six years executed and five years suspended to probation. In its sentencing order, the trial court "order[ed] the Defendant to pay restitution to the victim, the amount of which shall be determined by probation." Appealed Order at 3.

[2] In this appeal, Smith contends, and the State concedes, that the trial court erred in delegating to the probation department the task of fixing the amount of restitution he owes to his victim. Indiana Code Section 35-38-2-2.3(a)(6) reads, in relevant part, "When restitution or reparation is a condition of probation, the *court* shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance." (Emphasis added.) *See McGuire v. State*, 625 N.E.2d 1281, 1282 (Ind. Ct. App. 1993) (holding that trial court failed to comply with the statute when it ordered probation department to fix amount and manner of defendant's restitution payments). The trial court need not fix the amount and manner during sentencing but must do so before the commencement of probation. *Bailey v. State*, 717 N.E.2d 1, 4 (Ind. 1999). In any event, whether the amount and manner are fixed at sentencing (after ascertaining the defendant's ability to pay) or at a later date before the defendant begins his probation, the responsibility to make the determination falls on the trial court alone. *Id.*; *McGuire*, 625 N.E.2d at 1282.

[3] The trial court erred in delegating to the probation department the task of fixing the amount of Smith's restitution obligation. We remand with instructions for

the trial court to make the proper inquiries into Smith's ability to pay and to set the terms of his restitution obligation accordingly.

[4] Remanded.

Baker, J., and Kirsch, J., concur.