## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2019, 10:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rachel Bull,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 24, 2019<br><br>Court of Appeals Case No.<br>19A-CR-759<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Linda E. Brown, Judge<br><br>The Honorable Steven Rubick, Magistrate<br><br>Trial Court Cause No.<br>49G10-1802-CM-3858 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Rachel Bull (Bull), appeals her conviction for battery resulting in bodily injury, a Class A misdemeanor, Ind. Code § 35-42-2-1(c)(1); -(d)(1).

We affirm.

# ISSUE

Bull raises one issue on appeal, which we restate as: Whether the State provided sufficient evidence to support Bull's conviction for battery beyond a reasonable doubt.

# FACTS AND PROCEDURAL HISTORY

For about two years prior to this incident, Bull was an employee at DJ's Lounge (DJ's), a bar in Marion County, Indiana. At the time of Bull's employment, DJ's was managed by Jeanann Gunter (Gunter). On December 29, 2017, three days before the incident, Gunter fired Bull because she "found that Bull had been giving a large quantity of liquor and beer to friends of hers who frequented the bar." (Appellant's App. Vol. II, p. 13). She also prohibited Bull from the lounge after her termination. On the night of December 31, 2017, Bull, who appeared to be intoxicated, walked into DJ's during a New Year's Eve party. Gunter asked Bull to leave, but she refused and instead "became very loud and began to curse at Gunter." (Appellant's App. Vol. II, p. 14). She was angry at Gunter "because [Gunter] didn't pay her the money she owed her." (Transcript Vol. II, p. 13). While yelling at Gunter, Bull proceeded to

pick up beer bottles and throw them behind the bar where Gunter was standing at the time. Gunter was hit in the arm, "causing pain and redness." (Tr. Vol. II, p. 6). A few patrons at the lounge intervened in Bull's attack, after which she collected her coat and purse and left the lounge.

[5] On February 1, 2018, the State filed an Information, charging Bull with battery resulting in bodily injury, a Class A misdemeanor. On March 8, 2019, a bench trial was conducted. At the close of the evidence, Bull was found guilty as charged. The trial court sentenced Bull to 365 days executed, with 361 days suspended. She received credit for two days served and two days of good-time credit. She was placed on supervised probation for 180 days.

[6] Bull now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[7] Bull contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain her conviction for battery resulting in bodily injury. Specifically, she contends that the State failed to prove that she knowingly struck Gunter with a beer bottle, which is an element needed to prove battery resulting in bodily injury.

[8] Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Agilera v. State*, 862 N.E.2d 298, 306 (Ind. Ct. App. 2007) *trans. denied*. We will consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom

and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.* A conviction may be based upon circumstantial evidence alone. *Id.* Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Abney v. State*, 822 N.E.2d 260, 264 (Ind. Ct. App. 2005).

[9] In order to prove a person committed battery as a Class A misdemeanor under Indiana law, the State must show that the person "knowingly or intentionally touched another person in a rude, insolent, or angry manner" and that this touching "resulted in bodily injury to another person." I.C. § 35-42-2-1. A person engages in conduct "knowingly" if, when engaging in conduct, he "is aware of a high probability that he is doing so." I.C. § 35-41-2-2. This court has set out the factors used for determining one's mental state in regard to criminal intent in *Hedrick v. State*, 124 N.E. 3d 1273 (Ind. Ct. App. 2019):

> Because intent is a mental state, the fact-finder often must resort to the reasonable inferences based upon an examination of the surrounding circumstances to determine whether—from the person's conduct and the natural consequences therefrom—there is a showing or inference of the requisite criminal intent. In making, this determination, the fact-finder looks to the person's conduct and the natural consequences therefrom.

*Id.* at 1281.

[10] The State relies on a previous case from this court that gives insight on determining intentional conduct. In *McGuire v. State*, 625 N.E.2d 1281, 1281

(Ind. Ct. App. 1993), McGuire and his friend were given a ride home by Lambert upon the agreement that McGuire would give Lambert money for gas. When they arrived at McGuire's destination, McGuire and his friend exited Lambert's vehicle without a mention of the promised gas money. *Id.* When Lambert asked McGuire if he intended to give her the gas money, McGuire started to shout at Lambert and call her names. *Id.* He then threw a beer bottle at Lambert's car, causing damage to the passenger side of the vehicle. *Id.* McGuire was charged with battery, a class A misdemeanor, and criminal mischief, a class A misdemeanor. He was found not guilty of battery, but was found guilty of criminal mischief, a class B misdemeanor, a lesser included offense of the criminal mischief charge. *Id.* at 1281-1282. McGuire appealed his conviction with one issue being that the State did not provide sufficient evidence to sustain his conviction, stating that "the state failed to prove that he threw the beer bottle with intent to damage the car." *Id.* This court held that the evidence was sufficient to support his conviction. The court stated, "In the context of events, it is reasonable to infer reckless, knowing, or intentional conduct. The beer bottle was thrown during an argument." *Id.*

[11] In the present case, the State provided testimonial evidence of Bull's conduct that night to prove that Bull had the "knowing" mens rea required in committing a battery. Bull came into the bar that night after being trespassed from the property; she was already "drunk and disoriented" when she got there; a verbal altercation ensued between her and Gunter after which she was asked to leave the bar; Bull admitted to being angry with Gunter the night of the

incident when she came to the bar because Gunter wouldn't pay her the money that she allegedly owed Bull; and, although there is some disagreement on how many beer bottles Bull threw that night, Bull admitted to picking up and throwing at least one bottle. (Tr. Vol. II, pp. 4, 13). Gunter testified that Bull threw three or four bottles "at" her. (Tr. Vol. II, pp. 4, 6). Upon considering the events in the present case, it is reasonable to infer that Bull knowingly hit Gunter with a beer bottle and caused bodily injury.

[12] Given the totality of the evidence, we find that there is sufficient evidence to prove beyond a reasonable doubt that Bull committed battery.

# CONCLUSION

[13] Based on the foregoing, we hold that the State did provide sufficient evidence to support Bull's conviction for battery.

[14] Affirmed.

[15] Vaidik, C. J. and Bradford, J. concur