Michael S. IMPINK and Rhonda L.
Impink, Appellants–Plaintiffs,

v.

CITY OF INDIANAPOLIS, BOARD OF
PUBLIC WORKS, and Carlton Curry,
Individually and in his capacity as a
member of the City–County Council,
Appellees–Defendants.

No. 73A04–9204–CV–102.

Court of Appeals of Indiana,
Fourth District.

May 6, 1993.

A. Douglas Stephens, Indianapolis, for appellants-plaintiffs.

Richard S. Pitts, Mark A. Metzger, Lowe Gray Steele & Hoffman, Indianapolis, for appellees-defendants.

CHEZEM, Judge.

## Case Summary

Plaintiffs–Appellants, Michael and Rhonda Impink ("the Impinks"), appeal from the denial of their claim under 42 U.S.C. § 1983. We affirm.

## Issues

The Impinks present three issues for our review, which we restate as follows:

1. Whether the trial court properly granted Defendants–Appellees' (City of Indianapolis, Board of Public Works, and Carlton Curry, collectively, "Appellees") motion to dismiss Count I;

2. Whether the Impinks are required to pursue inverse condemnation proceedings under State law prior to filing a takings claim under the Fifth Amendment;

3. Whether the Impinks are required to exhaust all State administrative and judicial remedies before filing a claim under 42 U.S.C. § 1983.

## Facts and Procedural History

After purchasing a lot near the Eagle Creek Reservoir, the Impinks' building plans were approved by the Department of Metropolitan Development and the Department of Public Works. Adjoining lot owners, the Wallaces, filed complaints with the City regarding the location of the Impinks' residence. The Wallaces contacted At-Large City Councilor Carlton Curry. The Department of Public Works (DPW) found that the proposed building plans encroached on the flowage easement and revoked the Impinks' drainage permit. The Impinks requested a variance to allow them the right to encroach on the flowage easement. After a hearing, their request for a variance was denied.

In their complaint, the Impinks allege the Board erroneously denied the variance and that, as a consequence, they suffered damages. They also allege that Councilor Curry acted maliciously and improperly for allegedly exerting undue influence on the Board to deny their variance request. Count I of their complaint alleged a general intentional tort. Count II alleged a *de facto* taking in violation of the Fifth Amendment of the United States Constitution and Article 1, § 21 of the Indiana Constitution. Count III alleged a violation of equal protection, substantive and procedural due process meriting remedy under 42 U.S.C. § 1983.

## Discussion and Decision

### I

We must first decide whether the trial court properly granted Appellees' motion to dismiss Count I. The Impinks allege in Count I they suffered harm and injury resulting in special damages due to the Appellees' intentional and "disinterested malevolence" against them. The trial court granted Appellees' motion to dismiss because the Impinks failed to exhaust their administrative remedies. In their appellate brief, the Impinks fail to address the dismissal of their tort claim by the trial court. Notwithstanding their waiver of this issue, I.C. 34–4–17.5–1 clearly requires:

Sec. 1. An appeal allowed by statute from any action or decision of a board of a city ... shall be filed as an original complaint against the city or town in the circuit or superior court of the county in which the municipality is located. The complaint on appeal must be filed within thirty (30) days after the date of the action or decision complained of....

Moreover, I.C. 36–9–27–106 requires that a petition for judicial review must be filed within twenty (20) days after the order or determination of the Board.

The Impinks waited nearly two (2) years prior to filing suit. Our supreme court has held that such delay merits dismissal. *State ex rel Board of Zoning Appeals of City of Indianapolis v. Grant* (1965), 246 Ind. 317, 204 N.E.2d 658. Thus, the trial court properly granted Appellees' motion to dismiss as to the tort claim alleged in Count I.

## II

■ We must next decide whether the Impinks are required to pursue inverse condemnation proceedings under State law prior to filing a takings claim under the Fifth Amendment. The Impinks alleged in Count II that the action of the Board constituted a *de facto* taking in violation of the Fifth Amendment of the United States Constitution and Article 1, § 21 of the Indiana Constitution.

The Impinks, relying on *Felder v. Casey* (1988), 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123, argue that state law should not be applied when there is a federal right asserted in state court. While their analysis of federalism is accurate, it does not apply. The Impinks have not yet asserted a federal right under the Fifth Amendment. Their Fifth Amendment claim is not ripe for adjudication because they failed to seek just compensation from the State in an inverse condemnation action. *See, e.g., Biddison v. City of Chicago* (7th Cir.1991), 921 F.2d 724, *reh. denied; see also, Williamson Co. Regional Planning Com'n v. Hamilton Bank of Johnson City* (1985), 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (establishing a two-prong test to determine whether a taking claim is ripe for adjudication). It has also been held that failure to ripen a takings claim via an inverse condemnation action eliminates any potential remedy to be found under 42 U.S.C. § 1983. *Biddison*, 921 F.2d 724.

Because the Impinks did not attempt to obtain just compensation through procedures provided by the State for obtaining such compensation, there has been no violation of the Just Compensation Clause. *See, e.g., Williamson*, 473 U.S. at 196, 105 S.Ct. at 3121. Thus, the trial court correctly granted Appellees' motion to dismiss as to the Impinks' taking claim in Count II.

## III

We must finally decide whether the Impinks are required to exhaust all State administrative and judicial remedies before filing a claim under 42 U.S.C. § 1983. A threshold issue is whether the Impinks have stated a valid claim under § 1983. In order to state a valid claim, the Impinks must have at least met the requirement of notice pleading:

> The term 'notice pleading' is a description of the requirements of T.R. 8(A), which states that a complaint need only contain:
>
> (1) A short and plain statement of the claim showing that the pleader is entitled to relief, and
>
> (2) A demand for the relief to which he deems himself entitled.
>
> Under notice pleading, all that is required for a complaint to defeat a T.R. 12(B)(6) motion to dismiss is a 'clear and concise statement that will put the defendants on "notice" as to what has taken place and the theory that plaintiffs plan to pursue in their attempt for recovery.'

*Lincoln Nat'l Bank v. Mundinger* (1988), Ind.App., 528 N.E.2d 829, 835–36; *see also, Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit* (1993), —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517.

When reviewing a motion to dismiss, we apply the standard set forth in *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391, 406:

> The test to be applied when ruling on a T.R. 12(B)(6) motion ... that raises the defense of failure to state a claim upon which relief can be granted is whether, in the light most favorable to the non-moving party and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claim. [Citation omitted.] In applying this test the court may look only at the pleadings,

with all well-pleaded material facts alleged in the complaint taken as admitted, supplemented by any facts of which the court will take judicial notice.

■ The United States Supreme Court established a two-part test to determine whether a plaintiff who asserts a § 1983 claim against a municipality has met the burden of stating a claim upon which relief can be granted: (1) whether plaintiff's harm was caused by a constitutional violation, and, if so (2) whether the city is responsible for that violation. *Collins v. City of Harker Heights, Tex.* (1992), ── U.S. ──, ──, 112 S.Ct. 1061, 1066, 117 L.Ed.2d 261.[1] If the first element of the test is not met, the Impinks' complaint for relief under § 1983, *as a matter of law,* cannot withstand the motion to dismiss *under any set of facts. Id.*

■ Section 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution that it describes. If the Impinks suffered no constitutional deprivation, they may not be remedied under § 1983.

■ The Impinks allege in Count III of their complaint violations of equal protection, substantive and procedural due process which merit remedy under § 1983. The equal protection claim has no merit because the Impinks are not a protected class and the Impinks waived the issue in their brief. Nor does the procedural due process claim merit remedy under § 1983. The Impinks argue they were denied procedural due process because the hearing was unfair and motivated by the special interests of the Wallaces. However, we cannot make a determination as to whether the process used by the Board was fair because the Impinks have not requested judicial review of that process. Rather, they ask only for monetary damages.

The Impinks ambiguously argue that their procedural due process rights were infringed as a result of their takings claim. First, it is clear under federal law that the Impinks may not assert their takings claim until they have pursued State inverse condemnation proceedings. It has been held that due process is not violated where the state provides an adequate post-deprivation remedy. *Parratt v. Taylor* (1981), 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420; *Cf. Daniels v. Williams* (1986), 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662. This rationale was extended to apply to intentional deprivations of property. *Hudson v. Palmer* (1984), 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393; *Cf. Easter House v. Felder* (7th Cir.1988), 852 F.2d 901 (unless governmental conspiracy is alleged).

■ Second, in order to be entitled to some procedural niceties for a deprived property interest, the Impinks must show that they have been deprived of an interest to which a reasonable expectation of entitlement attaches. That expectation usually finds its source in state or local law, contract or custom. *See, e.g., Bd. of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. The Impinks do not deny that the Board of Public Works has jurisdiction over the use and regulation of dams and reservoirs in Marion County. They had no statutory or constitutional right to encroach upon the drainage easement. Thus, the Impinks had no reasonable expectation of entitlement. Accordingly, their procedural due process rights were not violated. No remedy can be afforded them under § 1983 under the premise of procedural due process.

■ The Impinks' claim of substantive due process violations is equally without merit. They had no substantive fundamental right to encroach upon the drainage easement. In the absence of a fundamen-

---

1. We must examine the language of § 1983 in order to determine what types of acts give rise to a cause under the statute:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

   42 U.S.C. § 1983.

tal right, they must prove that Appellees' conduct was totally arbitrary and capricious to prevail under substantive due process. They failed to allege such in their pleadings relating to substantive due process. Had they so done, Appellees' could have answered that the government was pursuing a compelling state interest *via* least restrictive means by denying the Impinks' variance petition.

The Impinks correctly assert that it is not necessary for them to exhaust State administrative and judicial requirements before pursuing a § 1983 claim. However, they must first meet the burden of stating a claim for which relief can be granted under § 1983 before they may pursue such remedy. They have failed to state such claim because the underlying constitutional violations necessary to support a remedy under § 1983 cannot be sustained as a matter of law.

Affirmed.

MILLER and CONOVER, JJ. concur.