**BEE WINDOW, INC., Appellant–Defendant,**

v.

**Ottis TURMAN, Appellee–Plaintiff.**

No. 49A02–9903–CV–181.

Court of Appeals of Indiana.

Sept. 22, 1999.

Steve Shoup, Eric M. Hylton, Lowe Gray Steele & Darko, LLP, Indianapolis, Indiana, Attorneys for Appellant.

Divina K. Westerfield, Westerfield & Associates, Carmel, Indiana, Attorney for Appellee.

**OPINION**

ROBB, Judge

Bee Window, Inc. ("Bee Window") brings this interlocutory appeal of the trial court's denial of its motion to dismiss Ottis Turman's complaint for breach of contract. We reverse.

*Issues*

Bee Window raises one issue for our review on appeal, which we restate as whether the trial court properly determined that Turman's complaint stated a claim for breach of an employment contract for a definite term.

*Facts and Procedural History*

When Turman went to work for Bee Window in September 1997, he signed a document which provided in pertinent part as follows:

$70,000 base salary

    Paid on a pro-rated basis each Friday

   . . .

Monthly incentive paid approx [sic] the third Friday of month following 1% of installed and completed siding volume

Minimum base plus incentive of $75,000/annum

Maximum base plus incentive of $95,000/annum

. . .

Bee [Window] to pay a one time payment of up to $15,000 to be written as a note to be repayed [sic] to Bee Window if [Turman] is not still employed at Bee Window (due to [Turman's] decision to leave) prior to 12 months after start date.

. . .

Eligible for two weeks paid vacation in first 12 months. Additional vacation to be earned per policy.

R. 10. Turman's employment with Bee Window was terminated in February 1998.

Turman filed a complaint for breach of contract against Bee Window, alleging that he had an employment agreement with Bee Window for a definite term of one year, and that Bee Window had breached the agreement by terminating his employment prior to the completion of that year. Attached to the complaint was a copy of the above-quoted document. Bee Window filed a motion to dismiss, alleging that Turman's complaint failed to state a claim upon which relief could be granted. The trial court denied Bee Window's motion, and Bee Window sought and was granted leave to pursue this interlocutory appeal of the denial.

*Discussion and Decision*

I. Standard of Review

■ Our standard of review of a dismissal granted pursuant to Trial Rule 12(B)(6) is well settled:

A trial rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a claim, not the facts supporting it. Therefore, we view the pleadings in the light most favorable to the nonmoving party and draw every reasonable inference therefrom in favor of that party. When reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. We will affirm the trial court's denial of the motion to dismiss unless it [is] apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.

*Borgman v. Aikens*, 681 N.E.2d 213, 216–17 (Ind.Ct.App.1997), *trans. denied.* In addition, in determining whether any facts will support the claim, we may look only to the complaint and may not resort to any other evidence in the record. *Mart v. Hess*, 703 N.E.2d 190, 193 (Ind.Ct.App. 1998).

II. Employee for a Definite Term v. Employee–at–Will

■ Bee Window contends that Turman's complaint fails to state a claim upon which relief can be granted because it fails to show that he was an employee for a definite term rather than an employee-at-will. Turman replies that the agreement on which he bases his complaint was a contract of employment for one year with Bee Window.

■ Indiana recognizes two basis forms of employment: (1) employment for a definite or ascertainable term; and (2) employment-at-will. *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind.1997). The determination of whether an employee is at-will is a legal determination. *Eck & Assoc. v. Alusuisse Flexible Packaging, Inc.*, 700 N.E.2d 1163, 1167 (Ind.Ct.App.1998), *trans. denied.* It is generally presumed that employment is at-will and may be terminated at any time, with or without cause, by either party. *Orr*, 689 N.E.2d at 717. However, if the parties choose to include a clear term of employment in an employment contract, the presumption that the employment is at-will may be rebutted. *Id.* If there is an employment contract for a definite term, and the employer has not specifically reserved the right to terminate the contract

before the conclusion of the term, the employer generally may not terminate the employment relationship except for cause or by mutual agreement. *Id.* The presumption of at-will employment is strong.

Even accepting as true Turman's allegation that the document attached to his complaint was intended to be an employment contract, his complaint must fail because the contract does not contain a definite term of employment. Turman asserts that because his salary and vacation are stated in annual terms, the contract was intended to be for a period of one year. We must disagree. This court has previously addressed a similar argument and determined that a specific period of employment will not be inferred solely from an employee's rate of pay. *Ewing v. Bd. of Trustees of Pulaski Memorial Hospital,* 486 N.E.2d 1094, 1098 (Ind.Ct.App.1985), *trans. denied.* In *Ewing,* the plaintiff sued her employer for wrongful discharge, alleging that two letters indicating that she would be paid a certain salary annually constituted an employment contract for a definite term beginning on the date of the first letter and continuing annually thereafter. This court rejected her contention, holding that without some other more definite indication of the parties' intent, "[a] statement of rate of pay is not a statement of duration of employment." *Id. Cf. Holcomb & Hoke Mfg. Co. v. Younge,* 103 Ind.App. 439, 8 N.E.2d 426, 429 (1937) ("The fact that payment is to be made in accordance with a time unit is evidence, *in connection with other relevant facts,* indicating that the agreement is for such unit.") (emphasis added).

We are compelled to reach the same conclusion. The agreement signed by Bee Window and Turman was an agreement only about compensation. In fact, the promissory note Turman signed for the moving expenses refers to the agreement as a "compensation agreement." R. 12. The promissory note was required so that Bee Window would be reimbursed for moving expenses if Turman chose to leave Bee Window within one year. It was therefore clearly contemplated by the parties that the employment might not last for an entire year. Stating compensation and other benefits in annual terms is both common and convenient, but does not necessarily mean that the employment is for a definite period of one year. Turman's complaint has failed to state a claim for breach of an employment contract for a definite term.

■■■ There are, however, a few well-defined exceptions to the employment-at-will doctrine, none of which are applicable here. The three recognized exceptions are adequate independent consideration to support a contract, promissory estoppel, and public policy. *Orr,* 689 N.E.2d at 718. Turman does not contend that the public policy exception should apply. He does, however, contend on appeal that even if we find the agreement he signed was not in fact an employment contract for a definite term, the fact that he left employment in Tennessee and moved his family to Indiana establishes adequate independent consideration to support an employment contract terminable only for good cause. We disagree for two reasons. First, Turman did not plead adequate independent consideration in his complaint, and the first time it could be said this issue was raised was in his affidavit in response to Bee Window's motion to dismiss. As we have previously stated, in reviewing a Trial Rule 12(B)(6) motion, we cannot consider evidence outside the complaint. *Mart,* 703 N.E.2d at 193. Second, simply surrendering another job or moving to another location, standing alone, does not constitute adequate independent consideration. *Wior v. Anchor Industries, Inc.,* 669 N.E.2d 172, 173–77 (Ind.1996).

■■■ Turman also contends on appeal that he should be permitted to proceed with a case for promissory estoppel. However, once again, he did not allege promissory estoppel in his complaint, and promissory estoppel must be asserted with particularity. *Orr,* 689 N.E.2d at 718.

Moreover, Turman has not alleged any facts which would lead us to believe that he relied to his detriment on the agreement or any other statements by Bee Window. None of the exceptions to the employment-at-will doctrine factor into our decision. Thus, the only issue before us is whether Turman's complaint, accepting all of its allegations as true, demonstrates that he had an employment contract with Bee Window for a definite term of one year. As we have already determined the agreement did not contain a definite term of employment, the trial court erred in denying Bee Window's motion to dismiss.

Reversed.

FRIEDLANDER, J., and RILEY, J., concur.