Eddie TRAIL and Katrina Trail, Appellants–Plaintiffs,

v.

BOYS AND GIRLS CLUB OF NORTH-WEST INDIANA, Donald Weiss, Bonnie Coleman, John Diederich, Paul Bailey, Edward Williams, Fran Taylor, James Greiner, Raymond Morris and Bonnie Fine, Appellees–Defendants.

No. 45A03–0309–CV–389.

Court of Appeals of Indiana.

July 8, 2004.

Rehearing Denied Sept. 30, 2004.

---

Nathaniel Ruff, Merrillville, IN, Attorney for Appellants.

Paul J. Peralta, D. Lucetta Pope, Baker & Daniels, South Bend, IN, Attorneys for Appellees.

**OPINION**

SHARPNACK, Judge.

Eddie Trail and Katrinka Trail (collectively, "the Trails") appeal the trial court's grant of a motion to dismiss filed by the Boys and Girls Club of Northwest Indiana ("Club"), Donald Weiss, Bonnie Coleman, John Diederich, Paul Bailey, Edward Williams, Fran Taylor, James Greiner, Raymond Morris, and Bonnie Fine (collectively, "Defendants"). The Trails raise four issues, which we restate as:

I. Whether the trial court erred when it dismissed Eddie's claim for breach of contract;

II. Whether the trial court erred when it dismissed Eddie's claim for tortious interference with a contractual relationship;

III. Whether the trial court erred when it dismissed Eddie's claim for defamation; and

IV. Whether the trial court erred when it dismissed Katrinka's claim for loss of consortium.

We affirm in part, reverse in part, and remand.[1]

The relevant facts alleged in the Trails' complaint follow. The Club is an Indiana not-for-profit corporation that is part of and chartered by the national Boys and Girls Clubs of America. Eddie was the Executive Director of the Club for six years. Weiss, Coleman, Diederich, Bailey, Williams, Taylor, Greiner, Morris, and Fine were members of the Club's Executive Committee. (**Appellants' Appendix at 16**)

In June 2002, Eddie was allegedly removed as Executive Director of the Club, and, on September 13, 2002, the Trails filed a complaint against the Club, the members of the Executive Committee in their official capacities, and Weiss, Coleman, Bailey, and Taylor in their personal capacities ("Individual Defendants"). The complaint alleged, in part, that:

11. [Eddie's] employment contract expired December 31, 2001. On January 7, 2002, [Weiss] called [Eddie] to tell him the Executive Committee determined and voted to give him a raise and a bonus. On February 4, 2001(sic), [Diederich] told [Eddie] that the Executive Committee went around the table and everybody was asked to give their opinion. A vote then was taken, and it was unanimously decided to retain [Eddie] as the Executive Director "to lead the organization into the future."

12. Defendants Weiss, Coleman, Bailey, and Taylor were unhappy for personal reasons with the retention of [Eddie] as Executive Director. They were upset with [Eddie] because he refused to defer to them those initiatives and actions that properly were [Eddie's] duties as Executive Director.

13. To justify reversing the decision of the Executive Committee to retain [Eddie], Weiss, Coleman, Bailey, and Taylor contrived a study of the Club to "assess the organization's structure and functions ... to determine if improvements could be made," but in reality to discredit [Eddie] and justify his termination.

14. Towards this end, these Defendants structured the actual reporting so that only the four of them and select individuals, chosen solely by them, would be interviewed for the study to be performed by a consultant ("consultant's report").

15. Although any such report would be given to the Executive Director as a matter of course, [Eddie] has been denied access to it.

16. It appears, though, that in addition to these four Defendants, the individuals interviewed for the report were Club personnel who were unhappy with [Eddie] because he had withheld performance raises because of poor performance.

17. In accordance with standard protocol and procedures with the [Club], an adverse consultant's report

---

1. We remind the Trails that Ind. Appellate Rule 50(A)(2) requires the appellant to include in its Appellant's Appendix the "pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal." The Trails did not include the De-fendants' motion to dismiss, the Trails' response in opposition to the motion to dismiss, or the Defendant's reply in support of the motion to dismiss in their Appellants' Appendix. However, in compliance with Ind. Appellate Rule 50(A)(3), the Defendants included these documents in their Appellee's Appendix.

would be shared with an executive director, any issues or problems would be openly discussed, and a cure period would be given to the executive director. None of this occurred here.

18. On June 26, 2002, Bailey falsely told [Eddie] that the Board of Directors voted unanimously to terminate him based on the contents of the consultant's report.

19. The [C]lub has approximately 56 member Board of Directors. Under the [Club's] articles, [t]he Board has sole authority to terminate [Eddie]. The Board of Directors was not even presented with the issue of whether or not to terminate [Eddie].

20. Bailey subsequently falsely announced to the Board of Directors of the Club and the media that [Eddie] had resigned.

21. [The Trails] do not know if the four individual Defendants used the slanted consultant's report to get the other members of the Executive Committee to reverse their previous unanimous decision to retain him or whether these Defendants tried to get [Eddie] to resign without any decision by the Board of Directors or Executive Committee.

22. The Defendants have refused to release the consultant's report to anyone, including the members of the Board of Directors. The Defendants have released to a few individuals the alleged contents of parts of the report highly negative about [Eddie]. One of these individuals, with very close ties to the Club, told [Eddie] he should have had those who supported him interviewed by the consultant. [Eddie] told him that he was not allowed to select any of the interviewees.

23. With most people the Defendants have refused to say anything about the report. They know that with the national organization of Boys and Girls Clubs this would be taken erroneously to mean that [Eddie] had been found to have committed grave personal improprieties with the children they serve or financial misdeeds such as embezzlement. Members of the Board of Directors and other officials of the Club already have drawn these false conclusions from the Defendants' silence.

24. Before the Defendants' actions, [Eddie] had an exemplary reputation and status within the Boys and Girls Clubs, locally and nationally. Since then he has been treated in almost all instances as a pariah.

25. [Eddie] has since applied for various openings. He has received form rejections or simply no response, which would have been inconceivable beforehand. [Eddie] has sought to find out what was said about him by the Defendants. The Clubs to which he applied have refused to tell him. In one instance [Eddie] was offered an interim position, which immediately afterwards was withdrawn without explanation.

26. Eddie Trail has suffered emotional pain and suffering and mental distress, loss of earnings, and damage to his reputation from the Defendant's actions. Katrinka Trail has suffered a loss of consortium.

27. The actions of the individual Defendants were intentional and malicious. The imposition of punitive

damages against them is appropriate.

*Appellants' Appendix at 17–20.*

The Defendants responded to the complaint by filing a motion to dismiss, alleging that: (1) the Trails failed to state a claim for breach of contract; (2) the Trails failed to state a claim in tort; and (3) the directors of the Club were immunized from civil liability. In support of the motion to dismiss, the Defendants submitted an affidavit from Bailey in which Bailey affirmed that the Club was an Indiana not-for-profit corporation and that the members of the Board of Directors do not "receive any monetary or other remuneration for service as a director." *Id.* at 17. The Trails responded to the motion to dismiss by arguing that they had stated claims for breach of the implied terms of Eddie's employment contract, tortious interference with contractual relationship and prospective business advantage, and defamation. The Defendants filed a reply brief and submitted another affidavit of Bailey to which the Club's articles of incorporation and constitution and bylaws were attached. The trial court entered an order under Ind. Trial Rule 12(B)(6) dismissing the Trails' claims for: (1) breach of contract; (2) tortious interference with Eddie's employment with the Club; (3) tortious interference with Eddie's prospective employment;[2] (4) defamation; and (5) loss of consortium. The Trails appeal the trial court's dismissal of their complaint.

■■■ A complaint may not be dismissed under Ind. Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief.[3] *McQueen v. Fayette County Sch. Corp.,* 711 N.E.2d 62, 65 (Ind.Ct.App. 1999), *trans. denied.* In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in a light most favorable to the nonmoving party and with every reasonable inference in his favor. *Id.* The trial court may only look to the complaint, and well-pleaded material must be taken as admitted. *Id.*

■■■ Ind. Trial Rule 8(A) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Under such notice pleading, a plaintiff is only required to plead the operative facts involved in the litigation. *Id.* The rules of notice pleading do not require that the complaint recite in detail all the facts upon which the claim is based. *Obremski v. Henderson,* 497 N.E.2d 909,

---

**2.** The Trails make no argument concerning the trial court's dismissal of this claim.

**3.** We acknowledge that Ind. Trial Rule 12(B) provides that:

> If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Although the Defendants submitted affidavits to the trial court in support of their motion to dismiss, we find no indication that the trial court found it necessary to use these affidavits or that the affidavits were relevant to the issues. *See, e.g., Dixon v. Siwy,* 661 N.E.2d 600, 603 (Ind.Ct.App.1996) (holding that a trial court is not required to convert a motion to dismiss to a motion for summary judgment where external evidence is submitted if the external evidence is irrelevant to the issue). Moreover, neither the Trails, the Defendants, nor the trial court contend that the motion to dismiss was converted to a motion for summary judgment. Consequently, we will review the motion as a motion to dismiss.

910 (Ind.1986), *reh'g denied.* Thus, a complaint is sufficient if it states any set of allegations, no matter how unartfully pleaded, upon which the trial court could have granted relief. *McQueen,* 711 N.E.2d at 65. "Stated differently, the plaintiff is required to provide a 'clean and concise statement that will put the defendants on notice as to what has taken place and the theory that the plaintiff plans to pursue.'" *Id.* (quoting *Impink v. City of Indianapolis, Bd. of Pub. Works,* 612 N.E.2d 1125, 1127 (Ind.Ct.App.1993)).

■ We view motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits. *Id.* When reviewing a trial court's grant of a motion to dismiss, we view the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. *Id.* We will not affirm a dismissal under Ind. Trial Rule 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. *Id.*

## I. Breach of Contract

■ The first issue is whether the trial court erred when it dismissed Eddie's claim for breach of contract. The trial court found that Eddie failed to state a claim upon which relief could be granted because his employment contract with the Club had expired and Eddie was, therefore, an at-will employee. The trial court further found that because Eddie was an at-will employee, "the Club could discharge him at any time, with or without cause" and that Eddie "failed to plead independent consideration or any exception to the doctrine of employment at-will." Appellants' Appendix at 12.

On appeal, Eddie argues that he had an oral employment contract with the Club

and that the oral contract's implied terms required that: (1) only the Board of Directors could terminate Eddie; (2) the study had to be shared with Eddie and Eddie had to be given a period of time to cure the alleged deficiencies; and (3) the study had to be fair and unbiased. The Club contends that the trial court correctly found that Eddie's claim was subject to dismissal because Eddie was an at-will employee subject to termination at any time with or without cause.

■ Our supreme court has recognized two basic forms of employment: (1) employment for a definite or ascertainable term; and (2) employment at-will. *Orr v. Westminster Village North, Inc.,* 689 N.E.2d 712, 717 (Ind.1997). "If there is an employment contract for a definite term, and the employer has not reserved the right to terminate the employment before the conclusion of the contract, the employer generally may not terminate the employment relationship before the end of the specified term except for cause or by mutual agreement." *Id.* However, "[i]f there is no definite or ascertainable term of employment, then the employment is at-will, and is presumptively terminable at any time, with or without cause, by either party." *Id.* We will not infer a specific period of employment solely from an employee's rate of pay. *Bee Window, Inc. v. Turman,* 716 N.E.2d 498, 501 (Ind.Ct.App. 1999).

Our supreme court has recognized three exceptions to the employment-at-will doctrine. "First, if an employee establishes that 'adequate independent consideration' supports the employment contract, the Court generally will conclude that the parties intended to establish a relationship in which the employer may terminate the employee only for good cause." *Orr,* 689 N.E.2d at 718. Second, our supreme court has "recognized a public policy exception

to the employment-at-will doctrine if a clear statutory expression of a right or duty is contravened." *Id.* at 718. Third, our supreme court has recognized that:

in certain instances, an employee may invoke the doctrine of promissory estoppel. To do so effectively, the employee must plead or assert the doctrine with particularity. The employee must assert and demonstrate that the employer made a promise to the employee; that the employee relied on that promise to his detriment; and that the promise otherwise fits within the Restatement test for promissory estoppel.

*Id.* (footnote omitted).

Here, the Trails' complaint alleged that Eddie's employment contract with the Club expired on December 31, 2001. In January 2002, the Executive Committee voted to retain Eddie and give him a raise and a bonus, but the parties did not agree to a new employment contract for a definite or ascertainable period of time. Thus, when Eddie was allegedly terminated in June 2002, he was not subject to an employment contract for a definite or ascertainable term. As for the application of an exception to the employment-at-will doctrine, the trial court found that the Trails had failed to plead any exception to the employment at-will doctrine, and, on appeal, the Trails do not argue that any of the above exceptions are applicable. Consequently, according to the facts pleaded in the complaint, Eddie was an at-will employee of the Club and was terminable at any time, with or without cause.

The Trails argue only that they state a claim because, even if Eddie was an at-will employee, implied terms from the Club's Articles of Incorporation and the Club's standard practices were enforceable before Eddie could be terminated. Specifically, the Trails argue that only the Board of Directors had the authority under the Articles of Incorporation to terminate Eddie and that the Board was not presented with the issue of whether to terminate Eddie. However, we note that the Trails' complaint never specifically alleged that Eddie was terminated or forced to resign by the Executive Committee. Further, the only authority that the Trails cite to demonstrate that Eddie states a claim upon which relief can be granted is *Streckfus v. Gardenside Terrace Co-op., Inc.*, 504 N.E.2d 273 (Ind.1987). The Trails do not explain how *Streckfus* is applicable to this matter and state only that our supreme court has "suggested that an employer may be required to comply with contractual provisions such as these." Appellant's Brief at 10.

In *Streckfus*, the employee was the Resident Manager of a housing development. *Streckfus*, 504 N.E.2d at 274. She was an at-will employee but had an employment agreement with the development's management company. *Id.* at 274–275. Her employment agreement referenced a management contract between the development and the management company, and the management contract provided procedures by which the management company could terminate a Resident Manager. *Id.* Our supreme court held that "as a matter of law, the Employment Agreement did not contain any job security provision which altered the employment at will relationship...." [4] *Id.* at 276. The Trails fail to demonstrate that Eddie states a claim upon which relief could be granted based upon the Club's Articles of Incorporation or the Club's standard practices. *See also Orr*, 689 N.E.2d at 719–720 (holding that

---

4. Our supreme court went on to note that, even assuming that the management contract was incorporated into the employee's employment agreement, the proper procedures were followed to terminate the employee. *Streckfus*, 504 N.E.2d at 276.

an employee handbook did not constitute a valid unilateral contract between the employee and employer in the absence of adequate independent consideration).

Even viewing the Trails' breach of contract claim in a light most favorable to them, we conclude that under the facts alleged in their complaint Eddie was an at-will employee and that the Trails provide no authority to demonstrate that the facts alleged in the complaint are capable of supporting a breach of contract action against the Club. Further, the Trails do not allege or argue that Eddie had a contract with the members of the Executive Committee in their official capacity or the Individual Defendants. Consequently, the trial court did not err by dismissing the Trails' breach of contract claim. *See, e.g., Bee Window,* 716 N.E.2d at 502 (holding that the trial court should have dismissed the employee's breach of contract claim).

## II. Tortious Interference with a Contractual Relationship

■ The next issue is whether the trial court erred when it dismissed Eddie's claim for tortious interference with a contractual relationship. The trial court found that Eddie failed to state a claim upon which relief could be granted because: (1) the Club could not interfere with its own contract; and (2) Eddie failed to allege that any Individual Defendant acted outside the scope of his or her duties as a member of the Executive Committee. On appeal, Eddie concedes that the Club cannot be held liable for tortious interference, and he makes no argument concerning liability of the members of the Executive Committee in their official capacity. However, he argues that he states a claim against the Individual Defendants because they did not act within the scope of their official duties.

■ To state a claim for tortious interference with contract, a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) the defendant's knowledge of the existence of the contract; (3) the defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from the defendant's wrongful inducement of the breach. *Winkler v. V.G. Reed & Sons, Inc.,* 638 N.E.2d 1228, 1235 (Ind. 1994). As for the existence of a valid and enforceable contract, our supreme court has held that a plaintiff may maintain a claim for tortious interference with an employment relationship even if he is an at-will employee. *Bochnowski v. Peoples Fed. Sav. & Loan Assoc.,* 571 N.E.2d 282, 285 (Ind.1991). However, such a plaintiff "must be prepared to show that the defendant interferer acted intentionally and without a legitimate business purpose." *Id.* "To satisfy [the element of lack of justification], the breach must be malicious and exclusively directed to the injury and damage of another." *Morgan Asset Holding Corp. v. CoBank, ACB,* 736 N.E.2d 1268, 1272 (Ind.Ct.App.2000). Further, our supreme court has held that "[a] corporate officer is not liable for inducing the corporation's breach of its contract if the officer acts within the scope of his official duties on behalf of the corporation and not as an individual for his own advantage." *Winkler,* 638 N.E.2d at 1236 n. 7.

The Trails alleged the existence of a valid and enforceable contract through Eddie's at-will employment. According to the complaint, the Individual Defendants contrived a study that was critical of Eddie to "discredit [him] and justify his termination." Appellants' Appendix at 18. The Trails allege that the Individual Defendants "structured the actual reporting so that only the four of them and select individuals, chose solely by them, would be interviewed for the study to be performed by a consultant" and that Eddie has been

denied access to the report in violation of the Club's standard protocol and procedures. *Id.* The complaint also alleges that the actions of the Individual Defendants were "intentional and malicious" and that he has been damaged as a result of their actions. *Id.* at 20. Thus, the Trails alleged that the Individual Defendants intentionally induced a breach of Eddie's at-will employment, that the Individual Defendants acted maliciously and without justification, and that Eddie has suffered damages as a result. Further, the complaint alleged that the Individual Defendants were acting outside the scope of their official duties. Specifically, the complaint alleged that the Individual Defendants were unhappy with Eddie's retention as Executive Director for personal reasons. These allegations are sufficient to put the Individual Defendants on notice of the Trails' tortious interference claim.

The Individual Defendants also argue that they are not liable because they have immunity under Ind.Code § 23–17–13–1(d) (1999), which provides that:

(a) A director shall, based on facts then known to the director, discharge duties as a director, including the director's duties as a member of a committee, as follows:

(1) In good faith.

(2) With the care an ordinarily prudent person in a like position would exercise under similar circumstances.

(3) In a manner the director reasonably believes to be in the best interests of the corporation.

\* \* \* \* \*

(d) A director is not liable for an action taken as a director, or failure to take an action, unless the following conditions exist:

(1) The director has breached or failed to perform the duties of the director's office in compliance with this section.

(2) The breach or failure to perform constitutes willful misconduct or recklessness.

As noted above, the Trails alleged in the complaint that the Individual Defendants were acting for personal reasons and, thus, were acting outside the scope of their duties to the Club. The Trails also alleged that the Individual Defendants were acting intentionally and maliciously. We cannot say that such allegations fall within the immunity provisions of Ind.Code § 23–17–13–1.

Viewing the Trails' tortious interference claim against the Individual Defendants in a light most favorable to them, we conclude that the facts alleged in their complaint are sufficient to support a tortious interference action against the Individual Defendants. Consequently, the trial court did not err by dismissing the Trails' tortious interference claim against the Club and the members of the Executive Committee named in their official capacity. However, the trial court erred by dismissing the Trails' tortious interference claim against the Individual Defendants. Accordingly, we reverse the trial court's dismissal of the tortious interference claim against the Individual Defendants and remand the case for further proceedings consistent with this opinion. *See, e.g., First Nat'l Bank of Danville v. Reynolds,* 491 N.E.2d 218, 223 (Ind.Ct.App.1986) (holding that the plaintiff stated a claim for tortious interference), *reh'g denied, trans. denied.*

### III. Defamation

■ The next issue is whether the trial court abused its discretion by dismissing Eddie's claim for defamation. The Trails' complaint made the following allegations relevant to their defamation claim:

20. Bailey subsequently falsely announced to the Board of Directors of the Club and the media that [Eddie] had resigned.

\* \* \* \* \*

22. The Defendants have refused to release the consultant's report to anyone, including the members of the Board of Directors. The Defendants have released to a few individuals the alleged contents of parts of the report highly negative about [Eddie]. One of these individuals, with very close ties to the Club, told [Eddie] he should have had those who supported him interviewed by the consultant. [Eddie] told him that he was not allowed to select any of the interviewees.

23. With most people the Defendants have refused to say anything about the report. They know that with the national organization of Boys and Girls Clubs this would be taken erroneously to mean that [Eddie] had been found to have committed grave personal improprieties with the children they serve or financial misdeeds such as embezzlement. Members of the Board of Directors and other officials of the Club already have drawn these false conclusions from the Defendants' silence.

\* \* \* \* \*

25. [Eddie] has since applied for various openings. He has received form rejections or simply no response, which would have been inconceivable beforehand. [Eddie] has sought to find out what was said about him by the Defendants. The Clubs to which he applied have refused to tell him. In one instance [Eddie] was offered an interim position, which immediately afterwards was withdrawn without explanation.

26. Eddie Trail has suffered emotional pain and suffering and mental distress, loss of earnings, and damage to his reputation from the Defendant's actions....

27. The actions of the individual Defendants were intentional and malicious....

Appellants' Appendix at 18–20. The trial court found that "these assertions do not support a claim of defamation" and the Trails provided "no evidence of a communication with defamatory imputation, malice or special damages resulting from the defamation." Appellants' Appendix at 15.

To establish a claim of defamation, a plaintiff must prove the following elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages. *Davidson v. Perron*, 716 N.E.2d 29, 37 (Ind.Ct.App.1999), *trans. denied.* "A statement is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Gatto v. St. Richard Sch., Inc.*, 774 N.E.2d 914, 923 (Ind.Ct.App.2002). "The publication element requires the plaintiff to show that the defamatory matter was 'published,' that is, communicated to a third person or persons." *Mart v. Hess*, 703 N.E.2d 190, 194 (Ind.Ct.App.1998).

The Trails allege that the Defendants released some of the report's contents that were "highly negative" about Eddie to various individuals. Appellants' Appendix at 19. In reviewing the complaint in the light most favorable to Eddie and drawing every reasonable inference from the facts alleged, we conclude that

Eddie has stated a claim upon which relief can be granted. As previously noted, under notice pleading, Eddie is only required to plead the operative facts involved in the litigation. The complaint alleged operative facts relating to each element of a defamation action: (1) a communication with defamatory imputation, i.e., "[t]he Defendants have released to a few individuals the alleged contents of part of the report highly negative about [Eddie];" (2) malice, i.e., "[t]he actions of the individual Defendants were intentional and malicious;" (3) publication, i.e., "[t]he Defendants have released to a few individuals the alleged contents of part of the report highly negative about [Eddie];" and (4) special damages, i.e., "[Eddie] has suffered ... loss of earnings ... from the Defendant's actions." [5] Appellants' Appendix at 19–20. Thus, the complaint is sufficient to defeat an Ind. Trial Rule 12(B)(6) motion to dismiss. Although unartfully pleaded, the complaint placed the Defendants on notice as to the theory of Eddie's defamation claim and its underlying facts and is capable of supporting a defamation claim. Accordingly, we reverse the trial court's dismissal of this defamation claim and remand the case for further proceedings consistent with this opinion. *See, e.g., McQueen*, 711 N.E.2d at 67 (holding that the trial court erred by dismissing the plaintiff's defamation claim).

### IV. Loss of Consortium

The last issue is whether the trial court abused its discretion by dismissing Katrinka's claim for loss of consortium. The trial court found that Katrinka's loss of consortium claim failed because Eddie's

claims failed. A loss of consortium claim is derivative of the injured spouse's claim. *Durham ex rel. Estate of Wade v. U–Haul Intern.*, 745 N.E.2d 755, 764 (Ind.2001), *reh'g denied.* Thus, if the spouse's cause of action fails, the loss of consortium claim falls with it. *Id.* Because the trial court erred by dismissing Eddie's tortious interference and defamation claims, Katrinka's loss of consortium claim survives. Consequently, the trial court erred by dismissing Katrinka's loss of consortium claim to the extent that it relates to Eddie's surviving tortious interference and defamation claims.

In summary, we affirm the trial court's grant of the Defendants' motion to dismiss as to the breach of contract claim and the tortious interference claim against the Club and the members of the Executive Committee in their official capacity. We reverse the trial court's dismissal of Eddie's tortious interference claim against the Individual Defendants, Eddie's defamation claim, and Katrinka's loss of consortium claim as it relates to Eddie's surviving claims. We also note that the Trails request that we allow them the opportunity to file an amended complaint if we affirm the trial court's dismissal of their claims. Ind. Trial Rule 12(B) provides:

> When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.

---

5. The trial court found that Eddie had not pleaded special damages. Special damages are "generally pecuniary in nature, which are consequential to the defamation." *Rambo v. Cohen*, 587 N.E.2d 140, 146 (Ind.Ct.App. 1992), *reh'g denied, trans. denied.* Lost wages are special damages. *See Powers v. Gasti-*

neau, 568 N.E.2d 1020, 1026 (Ind.Ct.App. 1991), *trans. denied.* In paragraph twenty-six of the complaint, Eddie alleged that he had suffered a loss of earnings from the Defendant's actions. Consequently, he alleged special damages.

A plaintiff is entitled either to amend his complaint pursuant to Ind. Trial Rule 12(B)(6) or to elect to stand upon his complaint and appeal from the order of dismissal. *Thacker v. Bartlett,* 785 N.E.2d 621, 624 (Ind.Ct.App.2003). If the plaintiff elects to stand upon his complaint and appeal from the order of dismissal, the dismissal becomes an adjudication on the merits. *Id.* Thus, we cannot grant the Trails' request to allow them to amend their complaint.

For the foregoing reasons, we affirm the trial court's dismissal of the Trails' complaint in part, reverse the dismissal in part, and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

MATHIAS, J., and VAIDIK, J., concur.